UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00155-FDW-DCK

| | |
|---|---|
| VANESSA CHANCE KNIGHT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PHH MORTGAGE CORPORATION, )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER is before the Court on Plaintiff's Motion for Injunctive Relief (Doc. No. 20). Although the motion does not mention Fed. R. Civ. P. 65(b) and only generally requests "injunctive relief against the defendant pursuant to Rule 65 of the Federal Rules of Civil Procedure," (Doc. No. 20, p. 1), the memorandum submitted in support of the motion appears to request, in part, a temporary restraining order (Doc. No. 21, p. 2). The Court DENIES IN PART the motion to the extent it seeks a temporary restraining order and DEFERS IN PART a ruling on the motion to the extent it seeks a preliminary injunction.

Notably, while Rule 65(b)(1) authorizes a temporary restraining order to issue *ex parte* and without an opportunity to be heard by an adverse party, the applicable standard for granting either a temporary restraining order or a preliminary injunction is the same. Sarsour v. Trump, 245 F. Supp. 3d 719, 728 (E.D. Va. 2017) (quoting Moore v. Kempthorne, 464 F.Supp.2d 519, 525 (E.D. Va. 2006)). Both are "extraordinary remedies involving the exercise of a very far-reaching power to be granted only sparingly and in limited circumstances." MicroStrategy Inc. v. Motorola, 245 F.3d 335, 339 (4th Cir. 2001). A party seeking a temporary restraining order or preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer

1

irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). Under the record before the Court, Plaintiff has failed to carry her burden to make a clear showing that she is entitled the extraordinary relief of a temporary restraining order. The Court, however, reserves the issue of whether Plaintiff is entitled to preliminary injunctive relief pending further presentation of evidence and briefing by the parties. Following review of the parties' briefs and evidence on the pending motion, the Court will set a hearing, if necessary.

The Court notes that trial in this matter is currently set for the term beginning July 12, 2021. To date, the parties have not filed any dispositive motions and the time for doing so has long expired. Accordingly, the Court intends the proceed with trial in this matter as docketed. The parties' jointly-prepared pretrial submissions required under the Case Management Order in this case (Doc. No. 8) shall be due by Friday, June 25, 2021.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Injunctive Relief (Doc. No. 20) is DENIED IN PART to the extent it seeks a temporary restraining order and DEFERRED IN PART on those portions of the motion seeking a preliminary injunction. The Court will decide that issue following an opportunity for full briefing by the parties. IT IS FURTHER ORDERED that the parties' jointly-prepared pretrial submissions shall be due Friday, June 25, 2021.

IT IS SO ORDERED.

Signed: June 4, 2021

Frank D. Whitney
United States District Judge