UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00155-FDW-DCK

| | |
|---|---|
| VANESTA CHANCE KNIGHT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PHH MORTGAGE CORPORATION, )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER is before the Court on Plaintiff's Motion for Injunctive Relief (Doc. No. 20). Prior to the motion being fully brief, the Court DENIED IN PART the motion to the extent it sought a temporary restraining order and DEFERRED IN PART a ruling on the motion to the extent it seeks a preliminary injunction. The motion is now ripe, and for the reasons that follow, the motion is DENIED.

The applicable law to the instant motion is well-settled. "Parties seeking a preliminary injunction must demonstrate that (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm, (3) the balance of hardships tips in their favor, and (4) the injunction is in the public interest." Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc., 722 F.3d 591, 595 (4th Cir. 2013) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). A preliminary injunction shall be granted only if the moving party *clearly establishes* entitlement to the relief sought. Fed. Leasing, Inc. v. Underwriters at Lloyd's, 650 F.2d 495, 499 (4th Cir. 1981).

It is unclear from the record what Plaintiff seeks to enjoin. In response to Defendant's argument in opposition to the motion, which is well-supported by the exhibits, Plaintiff seems to

1

clarify the relief sought, namely: 1) "the simple ability to allow the Plaintiff to pay her mortgage and for the Defendant to remove the 'bank owned' designation from the Defendant's internal system so that the issue [requiring Plaintiff's counsel's and Defendant's counsel's coordination of payment] does not reoccur;" and 2) to "compel the Defendant to comply with the previous Order of a federal court." (Doc. No. 24, p. 2). Plaintiff adds, "The Defendant has provided no explanation as to why this cannot be accomplished *after eighteen months of litigation*." (Id. (emphasis added)). The injunction, filed more than a year after the filing of the Complaint, seeks a *change* in the status quo—or arguably a *restoration* of the status quo prior to the filing of this suit—and is therefore classified as a mandatory injunction.[1]

"To justify a mandatory injunction, . . . the movant must demonstrate *a clear and convincing probability of success*." Handsome Brook Farm, LLC v. Humane Farm Animal Care, Inc., 193 F. Supp. 3d 556, 566 (E.D. Va. 2016). In other words, for mandatory injunctive relief to be available, the movant's "right to relief must be indisputably clear." Communist Party of Ind. v. Whitcomb, 409 U.S. 1235, 1235 (1972); Mountain Valley Pipeline, LLC v. 6.56 Acres of Land, 915 F.3d 197, 216 n.8 (4th Cir. 2019) (same). Finally, the Fourth Circuit has cautioned that "[m]andatory preliminary injunctive relief in any circumstance is disfavored[;] warranted only in the most extraordinary circumstances;" Taylor v. Freeman, 34 F.3d 266, 270 n.2 (4th Cir. 1994), and "should be granted only in those circumstances where the exigencies of the situation demand such relief." East Tenn. Nat. Gas Co. v. Sage, 361 F.3d 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (internal quotation marks omitted).

---

[1] Injunctive relief "may be characterized as being either prohibitory or mandatory." League of Women Voters of N. C. v. N.C., 769 F.3d 224, 235 (4th Cir. 2014). "Whereas mandatory [temporary restraining orders and preliminary] injunctions alter the status quo [generally by requiring the non-movant to do something], prohibitory [ones] aim to maintain the status quo and prevent irreparable harm while a lawsuit remains pending." Id. at 236 (citation omitted) (internal quotation marks omitted). The Fourth Circuit has "defined the status quo for this purpose to be the last uncontested status between the parties which preceded the controversy." Id. (citation omitted) (internal quotation marks omitted).

2

Plaintiff's pleadings fail to provide clear and convincing evidence that she is entitled to the extraordinary relief requested, particularly where the motion was filed more than a year after the lawsuit and only weeks before this case is scheduled for trial.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Injunctive Relief (Doc. No. 20) is DENIED.

IT IS SO ORDERED.

Signed: June 22, 2021

Frank D. Whitney
United States District Judge